JONES, Justice.
This case comes from the Circuit Court •of George County where a judgment was rendered against the appellant on an ac•cident and health policy.
The policy was issued to appellee and was effective as of June 15, 1959. This •suit was to recover monthly indemnity payments because of total disability from an accident which occurred July 15, 1961. Ap-pellee at the time of the injury was employed by Ingall’s Shipbuilding Corporation in Pascagoula, where he fell and was injured. As a result thereof he became totally disabled and, when appellant was notified of the injury and disability, it made monthly payments under the provisions of the policy to an amount over $5,-'000.00. The appellee was also receiving workmen’s compensation payments. Appellant in examining the records of the Workmen’s Compensation Commission found records there indicating that prior to the .accident the appellee was afflicted with spondylolisthesis.
It therefore stopped its payments alleging that there had been a misrepresentation in the application for the policy, because the application did not show anything of such condition.
When suit was filed, appellant answered asserting there had been fraudulent misrepresentation in that the application did not disclose anything with reference to the preexisting condition.
The case was tried on this issue. Appellant claimed that in the application there was a provision inquiring as to such previous diseases, and that appellee knowingly, intentionally, and fraudulently failed to disclose such condition when making application for such insurance.
Appellee denied that he failed to disclose his condition, as far as he knew it. He said he had never had any information relative to the fact that he was afflicted with such pre-existing condition. His testimony was that the agent of the company asked him all of the questions on the application and wrote in answers thereto, and that he made a full, complete, and truthful disclosure as to each question. He said that he advised the agent of having a sprained back in 1955 which was all he knew, and that he had gone to see various doctors whose names he gave to the agent. He testified when he told the agent of this circumstance that the agent said it was unimportant and did not put it in the application.
The agent did not testify, but the appellant relied upon a provision in the policy in which it was recited,
“ * * * The applicant by his acceptance of this policy agrees that the statements and agreements contained in said application are his agreements and representations and that this policy is issued in reliance upon the truth of such representations.”
In the application, it was represented that appellee had never been treated for or told that he had “rheumatism, arthritis, lumbago, sciatica, sacroiliac disorder, or lame back.”
It was appellant’s contention that this provision of the contract rendered the answers and information in the application warranties that could not be contradicted.
The facts as to fraudulent misrepresentation by appellee was submitted to the jury which rendered a verdict for appellee.
The policy itself provided that,
“ ‘Injury’ as used in this policy means bodily injury which is the sole cause of *801 the loss and which is effected solely through accident while the policy is in force. ‘Sickness’ -as used in this policy means sickness or disease contracted and commencing after the effective date of the policy. * * * ”
The suit here was based upon an injury, and the appellant argues that ap-pellee had no injury as defined by the policy. However, after this case was decided in the lower court that of Jefferson Standard Life Ins. Co, v. O’Bryan, 192 So.2d 263 (Miss.1966), was decided.
That case is decisive of the issues here. It relies upon the statutory provisions that are made a part of health and accident policies, and we particularly call attention to Mississippi Code Annotated 1942 section 5687-03 (A) (2) (b) (1956) which provides as follows:
“No claim for loss incurred or disability (as defined in the policy) commencing after two (2) years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.”
The only charge of fraudulent misrepresentation was as to the alleged failure to disclose the pre-existing condition, and the jury resolved this issue against the appellant.
Appellant had filed a counter-claim for those amounts paid by it to appellee prior to the trial of the case below, but in this Court abandoned said claim.
The case is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and INZER, JJ., concur.